IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ARTHUR MARTIN GONZALES,

    Plaintiff,

v.                                              Case No. 21-cv-111 KG/SMV

LELAND DUDEK, acting
Commissioner of Social Security,[1]

    Defendant.

**ORDER**

    This matter is before the Court on Plaintiff's Motion for Order Authorizing Attorney's Fees Pursuant to 42 U.S.C. § 406(b), (Doc. 44), filed March 27, 2024. Defendant filed his Response, (Doc. 45), on April 4, 2024.

    On May 26, 2022, the Court entered its Final Judgment, (Doc. 34), remanding this case to the Commissioner of the Social Security Administration. On August 31, 2022, this Court awarded Plaintiff attorney's fees pursuant to the Equal Access to Justice Act (EAJA) in the amount of $8,600. (Doc. 41). Now, Plaintiff asks to be awarded $26,913.75 in attorney's fees pursuant to 42 U.S.C. § 406(b). (Doc. 44).

    It is for the Court to decide if the request for attorney's fees under 42 U.S.C. § 406(b) is reasonable under the law. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 809 (2002). According to the Supreme Court, "Section 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead § 406(b) instructs courts to review for reasonableness fees yielded by

---

[1] Leland Dudek became the Acting Commissioner of Social Security on February 16, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Leland Dudek is substituted for Michelle King as the defendant in this suit.

those agreements." *Id.* at 808–09. A district court's reasonableness inquiry may include consideration of factors such as the character of the representation and results achieved, whether counsel was responsible for delay, and whether the benefits were large in comparison to the time expended by counsel. *Id.* at 807–08. In addition to satisfying the requirement of reasonableness, attorney's fees awarded under 42 U.S.C. § 406(b) may not exceed 25% of the total of the claimant's past-due benefits. *Id.* When an attorney receives fees under both the Equal Access to Justice Act and 42 U.S.C. § 406(b), the attorney must refund the smaller fee awarded to the claimant. *Id.* at 796.

Upon consideration of Plaintiff's Motion and Defendant's Response, the Court determines the requested fees are reasonable based on the time expended by counsel and the specialty knowledge required to obtain a favorable outcome.

IT IS ORDERED that **Laura Joellen Johnson, Esquire** is awarded an attorney's fee under the Social Security Act, 42 U.S.C. § 406(b), in the amount of $26,913.75 (or 25% of Plaintiff's past-due benefits, whichever is less). Plaintiff's counsel will reimburse Plaintiff any fees she previously received under the Equal Access Justice Act (EAJA), 28 U.S.C. § 2412.

/s/ KENNETH J. GONZALES[2]
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the court's PACER public access system.